UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JEFFERY H. BAYES, | ) | CASE NO. 25-90845-AKM-13 |
| | ) | |
| Debtor. | ) | |

**VERMEER CREDIT CORPORATION'S**
**OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN**

Vermeer Credit Corporation ("**Vermeer**"), a secured creditor, by counsel, respectfully objects to confirmation of the Chapter 13 Plan of Reorganization filed on July 23, 2025 (Doc. 4; the "**Plan**") by Debtor, Jeffery H. Bayes ("**Debtor**"). As bases for its objection, Vermeer respectfully states as follows:

**Vermeer's Secured Claim**

1. Vermeer is a secured creditor of Debtor as set forth in Claim No. 3, filed on August 7, 2025, in the amount of $65,928.05. *See* Claim No. 3, including a secured amount of $60,000.00 ("**Secured Claim**").

2. Vermeer's Secured Claim No. 3 is evidenced by, among other things, a lien on a Vermeer TM1210 and Vermeer TE3310 (collectively, the "**Equipment**").

**Debtor's Improper Treatment of Vermeer's Secured Claim**

3. In his Plan, Debtor proposes to pay Vermeer Secured Claim a total of **$45,000** across the 4-year Plan period in equal annual installments of $12,000.00. *See* Plan, p. 4. This amount is less than the secured portion of Vermeer's Claim No. 3.

4. A chapter 13 plan may "modify" the rights of holders of secured claims, like Vermeer, under 11 U.S.C. § 1322(b)(2); **however**, the plan cannot be confirmed unless it

provides that the amount to be distributed to the secured creditor is not less than the "allowed" amount of the creditor's claim under 11 U.S.C. § 1325(a)(5)(B)(ii). *In re Buster*, No. 12-10724-RLM-13, 2013 WL 1276497, at *1 (Bankr. S.D. Ind. Mar. 26, 2013).

5.  The "allowed" amount of a creditor's claim is determined by application of the provisions of 11 U.S.C. § 506(a), wherein "a claim is secured only to the extent of the value of the property on which the lien is fixed; the remainder of that claim is considered unsecured" *Id.* (internal citation omitted).

## Vermeer's Objection to Debtor's Plan

6.  Based upon the value of the Equipment, Vermeer asserts that confirmation of Debtors' Plan under the Bankruptcy Code is not warranted until Debtor provides for the proper treatment of the Secured Claim of Vermeer's Claim No. 3 in an amount not less than $60,000.00, consistent with the mandates of 11 U.S.C. §§ 506(a), 1325(a)(5)(B).

7.  Vermeer further asserts that the remaining portion of Claim No. 3, if any, after allocation for the proper treatment of the secured portion of Claim No. 3, is entitled to treatment as a general unsecured claim as part of Debtor's Plan.

**WHEREFORE**, Vermeer Credit Corporation, by counsel, respectfully requests that the Court deny confirmation of Debtor's proposed Plan, and grant Vermeer such other and further relief as is just and proper in the premises.

Respectfully submitted,

*/s/ David J. Jurkiewicz*
David J. Jurkiewicz
Attorney No. 18018-53
BOSE MCKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, Indiana 46204
(317) 684-5000 / (317) 684-5173 (FAX)
djurkiewicz@boselaw.com

Attorneys for Creditor, Vermeer Credit Corporation

## CERTIFICATE OF SERVICE

I certify that on August 22, 2025, I electronically filed the foregoing document using the Indiana E-Filing System (IEFS). I also certify that on August 22, 2025, the foregoing document was served upon the following person(s) via IEFS:

| | |
|---|---|
| Joseph M. Black<br>jmbecf@trustee13.com<br>jmbecf@cinergymetro.net | Donald Wayne Mallory<br>dwmallory@woodlamping.com<br>jaarnold@woodlamping.com |
| Neil C. Bordy<br>bordy@derbycitylaw.com<br>haddad@derbycitylaw.com<br>benich@derbycitylaw.com | Andrew C. Ozete<br>acoefile@fsolegal.com<br>mwhitney@fsolegal.com |
| Nick Cirignano<br>ncirignano@zsws.com<br>cflester@zsws.com | U.S. Trustee<br>ustpregion10.in.ecf@usdoj.gov |

*/s/ David J. Jurkiewicz*
David J. Jurkiewicz

5050629